UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LINDA F. BRUNO | CIVIL ACTION NO. 6:11-cv-0837 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| CETCO OILFIELD SERVICES COMPANY AND ACE AMERICAN INSURANCE COMPANY | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

This case comes before the Court by consent of the parties, pursuant to 28 U.S.C. § 636.  Pending is the plaintiff's motion (Rec. Doc. 27) for partial summary judgment on two issues:  (1) that defendant Cetco Oilfield Services Company's employee Stanford D. Broussard was solely at fault in causing the incident from which this lawsuit arises, and (2) that Mr. Broussard was in the course and scope of his employment with Cetco when the incident occurred, making Cetco vicariously liable for its employee's fault.  The motion is unopposed.  Considering the evidence submitted and the applicable law, and for the reasons that follow, the motion for summary judgment is GRANTED.

I. **FACTUAL BACKGROUND**

The plaintiff, Linda F. Bruno, and Cetco's employee, Stanford D. Broussard, were involved in a motor vehicle accident on July 29, 2010. Both were traveling in an easterly direction on Cameron Street toward its intersection with Ambassador Caffery Parkway in Lafayette, Louisiana, with Mr. Broussard's vehicle directly behind Ms. Bruno's. Ms. Bruno stopped at a yield sign, and Mr. Broussard's truck hit her Honda from behind. In his deposition testimony, Mr. Broussard admitted that he was inattentive just before the collision occurred and that he was at fault in causing the collision. The defendants do not contend – and submitted no evidence – that Ms. Bruno or any other person caused or contributed to the cause of the rear-end collision. Mr. Broussard also testified at his deposition that he was in the course and scope of his employment with defendant Cetco when the accident occurred, and Cetco has admitted that Mr. Broussard is its employee.

II. **SUMMARY JUDGMENT STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.¹ A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.²

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.³ If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.⁴ All facts and inferences are construed in the light most favorable to the nonmoving party.⁵

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

¹ *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

² *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

³ *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

⁴ *Id*.

⁵ *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

## III. APPLICABLE LAW AND ANALYSIS

### A. MR. BROUSSARD CAUSED THE COLLISION

Louisiana substantive law must be applied in this diversity case, including the analysis used in imposing liability for negligence.[8] Louisiana utilizes a duty-risk analysis to determine whether liability exists under the particular facts presented. The plaintiff must prove (1) that the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, (4) that the defendant's substandard conduct was the legal cause of the plaintiff's injuries, and (5) that the plaintiff sustained actual damages.[9]

---

[6] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[7] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8] *Westchester Fire Ins. Co. v. Haspel-Kansas Inv. Partnership*, 342 F.3d 416, 419 (5th Cir. 2003).

[9] *Westchester Fire v. Haspel-Kansas*, 342 F.3d at 419, citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 2001-2217 (La. 04/03/02), 816 So.2d 270, 275-76.

Under Louisiana law, the determination of whether an action is the cause-in-fact of injury is a question of fact.[10] A defendant's conduct is considered to be a cause-in-fact of a plaintiff's injuries if the injury would not have occurred but for the conduct or if the conduct was a substantial factor in bringing about the injury.[11] In this case, the cause-in-fact inquiry centers on Mr. Broussard's allegedly substandard conduct and whether it was a substantial factor in bringing about the subject collision.

In support of her motion for partial summary judgment, Ms. Bruno produced Mr. Broussard's deposition testimony, in which he admitted that the front of his vehicle impacted the rear of her vehicle as he was accelerating and that the collision was caused by his inattention.[12] He also explained that "I was at fault."[13] At the scene of the accident, Mr. Broussard told Ms. Bruno that he was at fault and apologized to her for causing the collision.[14] The defendants presented no contrary evidence. It is undisputed that Mr. Broussard caused the collision.

---

[10] *Westchester Fire v. Haspel-Kansas*, 342 F.3d at 419, citing *Lasyone v. Kansas City Southern Railroad*, 2000-C-2628 (La. 04/03/01), 786 So.2d 682, 691.

[11] *Westchester Fire v. Haspel-Kansas*, 342 F.3d at 419, citing *Lasyone v. Kansas City Southern*, 786 So.2d at 691 and *Roberts v. Benoit*, 605 So.2d 1032, 1042 (La. 1991).

[12] Rec. Doc. 27-3 at 9, 16-17.

[13] Rec. Doc. 27-3 at 11.

[14] Rec. Doc. 27-4 at 2.

### B.    CETCO IS VICARIOUSLY LIABLE

Under Louisiana law, an employer is answerable for the damage occasioned by its employees in the exercise of the functions in which the employee is employed.[15] An employer is liable for its employee's torts if the employee was acting within the course and scope of his employment when the tort was committed.[16] An employee is acting within the course and scope of his employment when the employee's action is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.[17] Whether an employee is within the course and scope of employment is a factual question.[18]

In support of her motion for partial summary judgment, Ms. Bruno produced Mr. Broussard's deposition testimony, in which he affirmed that he was "on the clock" at the time of the accident.[19] He stated that he was engaged in his duties for his employer, Cetco, and was both "at work" and "being paid" when the accident

---

[15]    La. Civ.Code art. 2320.

[16]    *Timmons v. Silman*, 1999-3264 (La. 05/16/00), 761 So.2d 507, 510; *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So.2d 994, 996.

[17]    *Timmons v. Silman*, 761 So.2d at 510; *Orgeron v. McDonald*, 93-1353 (La. 070/5/94), 639 So.2d 224, 226-27.

[18]    *Baumeister v. Plunkett*, 673 So.2d at 998.

[19]    Rec. Doc. 27-3 at 19.

occurred.[20] She also pointed out that Cetco admitted in its answer that Mr. Broussard is its employee.[21] The defendants offered no contrary evidence. Because Mr. Broussard was within the course and scope of his employment when the collision occurred, Cetco is liable for his tortious conduct.

## CONCLUSION

The evidence presented by the plaintiff, which was not refuted by the defendants, establishes two undisputed facts: (1) Mr. Broussard caused the collision; and (2) Mr. Broussard was in the course and scope of his employment at the time of the collision, making Cetco vicariously liable for Mr. Broussard's conduct. The undersigned finds that there are no genuine issues of material fact and that the plaintiff is entitled to partial summary judgment in her favor, as requested in her motion. Accordingly,

IT IS ORDERED that the plaintiff's motion for partial summary judgment (Rec. Doc. 27) is GRANTED; and

---

[20] Rec. Doc. 27-3 at 19.

[21] Rec. Doc. 9 at ¶ 11.

IT IS FURTHER ORDERED that the oral argument previously scheduled for January 25, 2012 is CANCELLED.

Signed at Lafayette, Louisiana on this 12th day January 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)